UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSTEX LLC and TRANSTEX
COMPOSITES INC.,	Case No. 2:17-cv-12793

    Plaintiffs,	HONORABLE STEPHEN J. MURPHY, III

v.

WABCO HOLDINGS INC. and
LAYDON COMPOSITES LTD.,

    Defendants.
                           /

**ORDER GRANTING DEFENDANTS'
MOTION TO STAY [70] AND ADMINISTRATIVELY CLOSING THE CASE**

On November 16, 2018, Defendants WABCO Holdings Inc. and Laydon Composites Ltd. filed a motion to stay the proceedings pending *inter partes* review ("IPR") by the United States Patent Office ("PTO"). ECF 70. Although Plaintiffs Transtex LLC and Transtex Composites Inc. did not concur in the relief sought, *id.* at 4539, they did not file any response to the motion. For the reasons below, the Court will grant Defendants' motion.

**BACKGROUND**

Plaintiffs allege that three of Defendants' patents infringe eight of Plaintiffs' patents. The patents-in-suit involve aspects of aerodynamic trailer skirts affixed to the lower portion of a trailer truck. Defendants petitioned the PTO to conduct an IPR on Plaintiffs' '471 patent and '017 patent ("IPR Patents"). *Id.* at 4546; *see also* ECF 3, PgID 256–57, 258–59 (describing Plaintiffs' claims for infringement of the '471 and '017 patents). Defendants represent that the PTO instituted a trial in the IPR of the '471 patent and will institute the IPR of the '017 patent in January 2019. ECF 70, PgID 4546. The Defendants

1

anticipate that the PTO's IPR of the IPR Patents will occur by January 2020 and ask the Court to stay the proceedings until the conclusion of the IPR. *Id.*

**DISCUSSION**

"Courts have inherent power to manage their dockets and stay proceedings," including whether "to stay a case until the conclusion of [an] . . . *inter partes* review proceeding." *Signal IP, Inc. v. Fiat U.S.A., Inc.*, No. 14-cv-13864, 2015 WL 5719670, at *2 (E.D. Mich. Sept. 30, 2015) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) and citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602–03 (Fed. Cir. 1985)). Issuing a stay pending IPR could result in narrowing or eliminating issues, alleviating discovery concerns, encouraging settlement, benefitting the Court from PTO expertise, and simplifying the required evidence at trial. *Donnelly Corp v. Guardian Indus. Corp.*, No. 05-7444, 2007 WL 3104794, at *3 (E.D. Mich. Oct. 22, 2007).

Courts in the District consider three factors to determine whether a stay is appropriate: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set." *Signal IP*, 2015 WL 5719670, at *2 (citing *Dura Glob. Techs., LLC v. Magna Int'l Inc.*, No. 11-cv-10551, 2011 WL 5039883, at *6 (E.D. Mich. Oct. 24, 2011)). The Court addresses each factor in turn.

I. <u>Simplifying Issues and Conserving Judicial Resources</u>

Staying the case pending the IPR outcome could simplify the issues and conserve judicial resources. First, PTO invalidation of any of the IPR Patents' claims would limit the claims that the parties need to consider during discovery, a *Markman* hearing, and trial.

2

Second, the Court could benefit from the PTO's expertise. Third, the PTO's written decision could limit Defendants' defenses. *E.g., Serv. Sols. U.S., L.L.C. v. Autel.US Inc.*, No. 13–10534, 2015 WL 401009, at *3 (E.D. Mich. Jan. 28, 2015). Moreover, although not all the IPR does not cover all the patents in suit, an IPR "need not dispose of a case completely to simplify the issues in a case." *Signal IP*, 2015 WL 5719670, at *3 (quoting *Cequent Performance Prods., Inc. v. Hopkins Mfg. Corp.*, No. 13-cv-15293, 2015 WL 1510671, at *2 (E.D. Mich. Apr. 1, 2015)).

II. <u>Prejudice or Clear Tactical Disadvantage to Plaintiffs</u>

Staying the case pending the IPR proceeding does not create prejudice or pose a clear tactical disadvantage to Plaintiffs. First, without a response brief, the Court has no reason to believe a stay would prejudice Plaintiffs in any way. Second, although courts may deny requests for stay when parties are direct competitors, *see Everlight Elecs. Co. v. Nichia Corp.*, No. 12–cv–11758, 2013 WL 1821512, at * 8 (E.D. Mich. Apr. 30, 2013), Plaintiffs have not shown that a stay "would negatively impact [their] ability" to compete in the trailer-skirt market, *Serv. Sols.*, 2015 WL 401009, at *3. Third, Plaintiffs withdrew their motion for preliminary injunction because "[t]he immediacy of irreparable harm appears to have dissipated by the market's reaction" to the Environmental Protection Agency's changed priorities. ECF 37, PgID 2956.

III. <u>Discovery and Trial</u>

Staying the case pending the IPR outcome is justified by the case's schedule. First, discovery is still ongoing; the Court has not conducted the *Markman* hearing; and the parties have not taken depositions or conducted expert discovery. ECF 70, PgID 4551– 52. Second, although the case is more than a year old, a stay will likely save the parties

3

time and money if the IPR invalidates any of the IPR Patents' claims. Any potential limitation of the claims in the case would conserve the parties' resources.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to stay [70] is **GRANTED**.

**IT IS FURTHER ORDERED** that the *Markman* hearing scheduled for Wednesday, December 12, 2018 is **CANCELLED**.

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE** the case.

**IT IS FURTHER ORDERED** that, within 30 days of the completion of the PTO's IPR for the '471 or '017 Patent, which is later, the parties shall **FILE** a joint status report detailing: (1) the outcome of the IPR, (2) the parties' posture towards mediation, and (3) the parties' recommendation for the remaining schedule of the case.

**SO ORDERED.**

        s/ Stephen J. Murphy, III  
        STEPHEN J. MURPHY, III  
        United States District Judge

Dated: December 4, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 4, 2018, by electronic and/or ordinary mail.

        s/ David Parker  
        Case Manager